IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL A. GARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1464-M-BN |
| | § | |
| DAVID SUTHERLAND, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul A. Garner brings this *pro se* action alleging employment discrimination and retaliation based on the color of his skin. *See* Dkt. No. 3. His action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

On August 2, 2019, the Court entered an order advising Garner that, by paying the $400 filing fee, he assumed

> the responsibility to properly serve Defendant David Sutherland, Inc. with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); *see also* FED. R. CIV. P. 4(d) (regarding a defendant's waiving service). That is, he must properly serve Defendant and file a proof of service with the Court in accordance with Rule 4(*l*) or obtain a waiver of service from Defendant.
> The Court further advise[d] Garner that, if proper service is not made – and shown to the Court through a filed proof of service or a filed waiver of service – before the 90th day after the filing of this action (which occurred on June 20, 2019) that is not a Saturday, Sunday, or legal holiday – which, here, [was] **September 18, 2019** – this case is subject to dismissal without prejudice unless he shows both (1) good

> cause for his failure to timely and properly effect service ***and*** (2) good cause for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 9.

Garner failed to comply with this order. So the Court entered a second order regarding service on September 26, 2019:

> Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).
> It is now more than 90 days after Garner's filing this action. And this order serves as a second notice under Rule 4. Accordingly, Garner must file a response to this order by **October 28, 2019** that establishes both (1) good cause for the failure to timely and properly effect service ***and*** (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m). Failure to do so will result in a recommendation that this case be dismissed without prejudice.

Dkt. No. 10 (footnote omitted). It is now almost four months past that deadline, and Garner has failed to file the court-ordered response or otherwise contact the Court.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should conditionally dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## Legal Standards and Analysis

I.  Rule 4(m)

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after

providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Garner has not shown that he timely and properly effected service – or moved for an extension of time to do so, as allowed by the Court's orders – and because the Court explicitly advised Garner (twice) that failure to do so will subject his action to dismissal under Rule 4(m), *see* Dkt. Nos. 9 & 10, the Court should now dismiss this action without prejudice under Rule 4(m).

II.     Rule 41(b)

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with

prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By failing to comply with the Court's orders regarding service of process, Garner has prevented this action from proceeding. And, by so doing, he has failed to prosecute his lawsuit and also failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile.

The Court is not required to delay the disposition of this case until such time as Garner decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

III.   Leave to Move to Reopen

To the extent that Garner asserts a Title VII or similar claim, given his allegations – and that the EEOC right-to-sue letter attached to his verified responses to the questionnaire was issued on March 21, 2019, *see* Dkt. No. 8 at 17 – "this case cannot be timely refiled once dismissed as more than ninety days [will] have elapsed since [Garner] received [the] right-to-sue letter from the EEOC. Thus, dismissal of [this] case even without prejudice will operate as a dismissal with prejudice," *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted); *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

The Court should therefore condition its dismissal without prejudice under Rules 4(m) and 41(b) to allow Garner leave to file a motion to reopen this action on or before 30 days from the date of any order accepting or adopting the findings, conclusions, and recommendation. *Cf. Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting the same procedure where a Social Security appeal was dismissed without prejudice under Rule 41(b)), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) and without prejudice to Plaintiff Paul A. Garner's

filing a motion to reopen this case on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE